UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAIKO KATO<br><br>Plaintiff<br><br>-against-<br><br>FRANCIS RONALD SKOP, Jr.<br><br>Defendant | Civil Action No. 6:19-cv-6779 (MAT)<br><br>FIRST AMENDED COMPLAINT |

## INTRODUCTION AND SUMMARY OF ACTION

1. This is Maiko Kato's action to enforce the agreement which her ex-husband, Francis Ronald Skop, Jr., made with the United States government to support her at 125% of the applicable poverty guidelines when he sponsored her to immigrate to the U.S.

2. Ms. Kato, having been left destitute by her divorce, is now completely bereft of income to support herself, and so must call upon this Court to enforce her ex-husband's obligations so to prevent her from becoming a public charge of this country, contrary to the national interest of the United States.

## THE PARTIES

3. The plaintiff, Maiko Kato, is a native and citizen of Japan and a lawful permanent resident of the United States, residing at 1600 East Ave, Apt 210, Rochester, New York 14610. She immigrated to the United States to be the wife of Francis Ronald Skop, Jr., having given up all of her ties to her home country to start a new life in the United States. She now finds herself alone in this country except for their child, abandoned, and without financial

1

support, aside for a meager grant of child support which goes entirely to the child's expenses.

4. The defendant, Francis Ronald Skop, Jr. is the ex-husband of Maiko Kato, the father of her child and, by his own voluntary undertaking, the person responsible for her support in the U.S. He is a U.S. citizen and resides within the jurisdiction of this Court.

## JURISDICTION

5. Inasmuch as this action is to enforce a right provided to Ms. Kato by 8 U.S.C. 1183a(a)(1)(B), this is an action arising under the laws of the United States, and therefore this Court has jurisdiction over it under 8 U.S.C. 1331.

## VENUE

6. Inasmuch as both the plaintiff and the defendant reside in this judicial district, venue is appropriate in this Court.

## BRIEF STATEMENT OF RELEVANT FACTS

7. The parties were married in a civil ceremony on March 7, 2013 in Tokyo, Japan.

8. Thereafter Mr. Skop successfully caused Ms. Kato to be issued an immigrant visa so that she could immigrate to the United States to reside here as his wife.

9. As part of that process, Mr. Skop executed an "Affidavit of Support", USCIS Form I-864, filed as an exhibit herewith

10. Part 8 of that form expressly informed Mr. Skop in relevant part that:

> If you sign a Form 1-864 on behalf of any person (called the "intending immigrant") who is applying for an immigrant visa or for adjustment of status to a permanent resident, and that intending immigrant submits the Form I-864 to the U.S. Government with his or her application for an immigrant visa or adjustment of status,

under section 213A of the Immigration and Nationality Act these actions create a contract between you and the U. S. Government. The intending immigrant's becoming a permanent resident is the "consideration" for the contract. ...

If an intending immigrant becomes a permanent resident in the United States based on a Form I-864 that you have signed, then, until your obligations under the Form 1-864 terminate, you must:

Provide the intending immigrant any support necessary to maintain him or her at an income that is at least 125 percent of the Federal Poverty Guidelines for his or her household size... .

If you do not provide sufficient support to the person who becomes a permanent resident based on the Form I-864 that you signed, that person may sue you for this support. ...

If you are sued, and the court enters a judgment against you, the person or agency that sued you may use any legally permitted procedures for enforcing or collecting the judgment. You may also be required to pay the costs of collection, including attorney fees.

...

Your obligations under a Form I-864 will end if the person who becomes a permanent resident based on a Form I-864 that you signed:

  1. Becomes a U.S. citizen;

  2. Has worked, or can be credited with, 40 quarters of coverage under the Social Security Act;

3

    3. No longer has lawful permanent resident status, and has departed the United States;

    4. Becomes subject to removal, but applies for and obtains in removal proceedings a new grant of adjustment of status, based on a new affidavit of support, if one is required; or

    5. Dies.

    Note that divorce does not terminate your obligations under this Form I-864.

11. By signing this Affidavit, Mr. Skop certified under penalty of perjury under the laws of the United States that, among other things:

> I have read and I understand each of the obligations described in Part 8, and I agree, freely and without any mental reservation or purpose of evasion, to accept of those obligations in order to make it possible for the immigrants indicated in Part 3 to become permanent residents of the United States; ... .

12. Thereafter, as a consequence of Mr. Skop's execution of this affidavit of support, Ms. Kato was issued an immigrant visa and used it to be lawfully admitted to the United States for permanent residence. Since then she has not:

    1. Become a U.S. citizen;

    2. Worked for, nor can be credited with, 40 quarters of coverage under the Social Security Act;

    3. Ceased to hold lawful permanent resident status, nor has she departed the United States;

    4. Become subject to removal; nor

    5. Died.

13. On January 16, 2018 Mr. Skop caused a summons and complaint for divorce to be filed on Ms. Kato and ceased all support for her.
14. However, from March 2018 to April 2019 Mr. Skop provided Ms. Kato with $1000 per month in support.
15. After April 2019 Mr. Skop ceased all support of Ms. Kato.
16. On June 28, 2019 the parties were divorced in the Supreme Court of New York, County of Monroe.

### CAUSE OF ACTION FOR ENFORCEMENT OF AFFIDAVIT OF SUPPORT

17. According to the express and unequivocal terms of the Affidavit of Support signed by Mr. Skop, he has been required, and has failed, to support Ms. Kato at 125% of the then applicable poverty level.
18. In 2018 that amount was $15,175. 83 FR 2643.
19.  In 2019 that amount is $15,612.50. 84 FR 1168.
20. From January 16, 2018 to October 15, 2019 Mr. Skop should have provided Ms. Kato over $28,185.00 in support.
21. Instead, he gave her only $13,000.
22. Accordingly, Mr. Skop currently owes Ms. Kato at least $15,185.
23. Further, he will continue owe her $1,301.04 each month of 2019 that she remains without income, and 1/12 of 125% of the then applicable poverty guideline for each month thereafter she remains income less.
24. Ms. Kato has also incurred $3,500 in legal fees in collecting these amounts from Mr. Skop, including time spent researching the law, reviewing the facts, reviewing the local rules of this Court and preparing and filing this complaint, civil cover sheet and summons.

25. Per 8 U.S.C. 1183a(c) "Remedies available to enforce an affidavit of support under this section include any or all of the remedies described in section 3201, 3203, 3204, or 3205 of title 28, United States Code, as well as an order for specific performance and payment of legal fees … ".

WHEREFORE this Court should enter an Order:

a) Granting Judgment to Maiko Kato against Francis Ronald Skorp Jr. for $18,685;

b) Directing Francis Ronald Skorp Jr. to pay Maiko Kato $1,301.04 on November 16, 2019 and December 16, 2019;

c) Directing Francis Ronald Skorp Jr. to pay Maiko Kato 1/12 of 125% of the then applicable poverty guideline for one person the 16th of each month thereafter;

d) Directing that no amount paid by Francis Ronald Skorp, Jr. for child support shall be credited towards this amount, nor shall the payment of any of these amounts be credited to his child support obligations; and

e) Directing Francis Ronald Skorp Jr. to pay Maiko Kato's attorney(s) any further legal fees incurred by her collecting the amounts due under his affidavit of support within 30 days of invoicing.

Respectfully Submitted this 4th day of November, 2019.

/s/ James Eiss

James Eiss
Local Counsel for the Plaintiff
The Law Offices of James Eiss
19 Limestone Drive, Suite 1
Buffalo, NY 14221
Tel. 716-633-9300

Fax 716-633-0492

/s/ Michael E. Piston

Michael E. Piston
Attorney for the Plaintiff
225 Broadway Suite 307
New York, NY 10007
Tel. 646-845-9895
Fax: 206-770-6350